FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

2016 MAR 25 P 3: 50

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

|  |  |  |
|---|---|---|
| **GREGORY J. WALSH,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Case No.: GJH-15-934** |
| **v.** | * | |
| | * | |
| **BANK OF NEW YORK MELLON, et al.,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## MEMORANDUM OPINION

Gregory Walsh, a pro se plaintiff, brings this suit against Bank of New York Mellon

("Mellon"), MERSCORP, Inc. ("MERSCORP"), Select Portfolio Servicing, Inc. ("SPS"), and

J.P. Morgan Chase Bank, N.A. ("Chase"), alleging the creation and use of fraudulent documents

to attempt to foreclose or take possession of property. ECF No. 1. This Memorandum Opinion

and accompanying Order address Defendants' Motions to Dismiss. *See* ECF Nos. 5, 6, 16. For

the reasons stated below, Defendants' Motions to Dismiss are GRANTED.[1]

### I.  BACKGROUND

On November 12, 2004, Gregory Walsh and his wife purchased the property located at

8913 56th Avenue, College Park, Maryland ("Property") for $340,000. ECF No. 5-7.[2] They

---

[1] The Court also GRANTS Plaintiff's Motion for Extension of Time to File Response (ECF No. 19) and has
considered his late-filed responses.

[2] In reviewing a motion to dismiss, the Court may "properly take judicial notice of matters of public record," such as
land records. *Philips v. Pitt. Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The Court may also consider

obtained two mortgages on the Property from Greenpoint Mortgage Funding Corporation, an entity that is now defunct. ECF No. 1 ¶¶ 15–18. Walsh and his wife also signed a Deed of Trust ("Deed") naming MERS as the beneficiary of the Deed and the nominee "for Lender and Lender's successors and assigns." ECF No. 5-8. Plaintiff and his wife transferred the Deed to the 56th Avenue Family Holding and Improvement Trust on May 27, 2005. ECF No. 5-2. The 56th Avenue Family Holding and Improvement Trust is the record owner of the Property. ECF No. 5-3.

Since Plaintiff's purchase of the Property, several banks have asserted rights related to the mortgage, including SPS's claim of authority as the servicer of the loan based on an assignment by Chase. ECF No. 1 ¶¶ 19–21. On June 8, 2012, MERS signed an Assignment of Trust ("Assignment") on behalf of Chase, assigning the Deed, "together with all interest secured thereby, all liens, and any rights due or to become due thereon" to Mellon. ECF No. 5-4. The Assignment was signed by Iquisha Criff and Ashley Clegg, both on behalf of MERS. ECF No. 5-4.

While his Complaint is not a model of clarity, Plaintiff appears to allege fraud, and other claims, based primarily on concerns raised in regard to the signatures of Criff and Clegg on the Assignment. Plaintiff seeks $1,242,875 in damages and a cease and desist of all collection or foreclosure actions against the Property. ECF No. 1 at 10–11.[3]

---

documents attached to the Complaint or Motion to Dismiss, "so long as they are integral to the complaint and authentic." *Id.*

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

## II.     DISCUSSION

### A.  Standard of Review

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits a defendant to present a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

When assessing a motion to dismiss, courts refer to the pleading requirements of Rule 8(a)(2) to determine if the complaint adequately states a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55, 127 S. Ct. 1955 (2007). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A well-pleaded complaint may proceed even if the "actual proof of those facts is improbable and recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted). For a motion to dismiss, courts are required to assess "the sufficiency of the complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. That showing must consist of more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. "In evaluating the complaint, unsupported legal allegations need not be accepted." *Revene v. Charles Cty.*

3

*Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.

In reviewing a complaint, district courts have an obligation to liberally construe the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But "a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted). A liberal construction of a pro se plaintiff's complaint "does not require those courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Courts are generally not allowed "to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). "However, there are limited circumstances in which the court may consider extrinsic documents in the context of a motion to dismiss," including "documents 'attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Philips v. Pitt. Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### B.  Plaintiff has failed to state a claim

Although Plaintiff appears to allege fraud, ECF No. 1, Rule 9(b) requires the pleading party to "state with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b). At a minimum, Plaintiff must plead "the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370,

4

379 (4th Cir. 2008) (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)). "Even where a plaintiff is proceeding pro se, the particularity requirements of Rule 9(b) apply." *Coulibay v. J.P. Morgan Chase Bank*, No. DKC 10-3517, 2011 U.S. Dist. LEXIS 87495, at *56 n.23 (D. Md. Aug. 8, 2011). Under Maryland law, plaintiffs alleging fraud must show that "(1) the defendant made a false statement of fact; (2) the defendant knew the statement was false or acted with reckless disregard for the truth of the statement; (3) the defendant made the statement for the purpose of defrauding the plaintiff; (4) the plaintiff reasonably relied on the false statement, and (5) the plaintiff was damaged as a result." *Marchese v. J.P. Morgan Chase Bank*, 917 F. Supp. 2d 452, 465 (D. Md. 2013) (citations omitted).

Here, Plaintiff sprinkles vague, generalized allegations sounding in fraud throughout the Complaint but, ultimately, fails to sufficiently allege the elements of fraud. The Complaint is titled "Civil Complaint Fraud Documents." ECF No. 1 at 2. It begins by alleging that the Plaintiff seeks to "file suit against these Defendants for the creation and submission/recordation of one or more fraudulent documents into the land records of Prince Georges [sic] County, Maryland, and for the wrongful use of that/those document/s in an unlawful attempt to foreclose and/or take possession of said Property." *Id.* The Complaint makes vague assertions regarding the lack of "documents filed in the land records to reflect" certain assignments. *Id.* ¶ 22. The Complaint refers to documents that are "allegedly signed," *id.* ¶ 24, and "allegedly notarized," *id.* ¶ 25. Finally, regarding the "alleged" signatures, the Complaint states that the "true nature as to the identity and role of those two individuals is the focus of this Case in that, without the document bearing the signatures/seals of those same individuals, these Defendants have no claim to the Subject Property under the laws of the State of Maryland." *Id.* ¶ 35. Plaintiff then

concludes the factual section of the Complaint by stating that the "use of such false and/or fraudulent documents violates the FDCPA and the UCC." *Id.* ¶ 38.

Providing a generous interpretation of these allegations, the Court infers that Plaintiff claims that the signatures on the Assignment were forged. But the Complaint does not specify which Defendant allegedly forged these documents or otherwise provide the level of particularity required for a fraud allegation. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) ("The 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'") (citation omitted). Furthermore, Plaintiff does not establish how he relied on the fraudulent signatures given that he is not a party to the Assignment. *See* ECF No. 5-4. And, even if Plaintiff's vague suggestions of fraud were sufficient to state a claim, Plaintiff "does not allege sufficient facts to support his conclusory averment that the signatures were forged." *Davis v. BSI Fin. Servs.*, No. JFM-15-1155, 2015 U.S. Dist. LEXIS 112340, at *2 (D. Md. Aug. 21, 2015). Accordingly, Plaintiff fails to establish fraud and his Complaint must be dismissed.[4]

### C.  Plaintiff does not have standing

In addition to failing to plead facts to sufficiently allege fraud, Plaintiff does not have standing. While Plaintiff argues that he is "the undisputed owner of the Subject Property," ECF No. 1 ¶ 1, and that "there is no assignment within the land records which gives Defendant MERS authority to make such an assignment," ECF No. ¶ 26, the land records indicate that Plaintiff is no longer the owner of the property, ECF Nos. 5-2, 5-3. On May 27, 2005, the Plaintiff and his

---

[4] To the extent that Walsh intended to quiet title, it "is well-established that a quiet title action 'cannot as a general rule, be maintained without clear proof of both possession and legal title in the plaintiff.'" *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014) (citation omitted). As discussed, Walsh does not own the Property and is "not authorized by statute to resolve clouds on a legal title which [he] does not own." *Id.* at 200.

wife transferred the Deed to the 56th Avenue Family Holding and Improvement Trust. ECF No. 5-2. Plaintiff does not challenge the legality of this transfer.

Even if Plaintiff were the owner of the property, he would not have standing to bring this claim for the purpose of challenging the Assignment. "Generally speaking, an obligor under a contract, including a mortgagor contract, lacks standing to challenge the assignment of the underlying obligation by the oblige to a third-party." *Watson v. Bank of Am., N.A.*, No. PJM 14-1335, 2015 U.S. Dist. LEXIS 42318, at *9–10 (D. Md. 2015) (citation omitted). Plaintiff was not a party or beneficiary of the Assignment. ECF No. 5-4. Thus, Plaintiff lacks standing.

### D.  Plaintiff has failed to plead an injury or provide proper notice to Defendants

Under the federal pleading standard, an allegation of injury must be pleaded in terms of specific facts; a court will not "accept unsupported legal allegations, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events." *Kimberlin v. Nat'l Bloggers Club*, No. GJH-13-3059, 2015 U.S. Dist. LEXIS 32528, at *6 (citations omitted). Plaintiff argues that he has "been harmed by way of the restriction of his right to full use and ownership of his own property." ECF No. 1 ¶ 40. However, Plaintiff does not provide any facts to plead that his use and ownership has been affected by the Defendants' alleged actions.

Plaintiff also fails to provide notice to Defendants regarding what claims are individually alleged against them, or, as it relates to allegations regarding the FDCPA and the UCC, which statutory provisions were allegedly violated. "Under Rule 8(a), grouping multiple defendants together in a broad allegation is insufficient to provide the defendants with fair notice of the claims against them and the grounds for relief." *Melegrito v. CitiMortgage Inc.*, No. C 11-01765 LB, 2011 U.S. Dist. LEXIS 60447, at *19 (N.D. Cal. June 6, 2011) (citation omitted). When

7

asserting that Criff and Clegg did not have authority to sign the Assignment on behalf of MERS, Plaintiff states, "there is no record reflecting the fact that either of those individuals has [sic] ever been employed by Defendant MERS. In fact, the Plaintiff has found records indicating that one or both of these individuals were in the employ of one or more of the other Defendants . . . ." ECF No. 1 ¶¶ 27–28. By making a broad allegation that indicates uncertainty regarding which Defendants committed the alleged fraud or violated the unidentified provisions of various statues, Plaintiff does not give Defendants adequate notice of the claims against them. *Melegrito*, 2011 U.S. Dist. LEXIS 60447, at \*19; *see also Harrison*, 176 F.3d at 784.

### III.  CONCLUSION

For the reasons stated above, the Court will GRANT all of the Defendants' Motions to Dismiss. Thus, Plaintiff's Complaint is DISMISSED, without prejudice. Plaintiff shall have fourteen days to submit an amended complaint. A separate order shall follow.

Dated: March 25, 2016 _____

_____
GEORGE J. HAZEL
United States District Judge