IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

GREGORY J. WALSH and
CHRISTINA WALSH

    Plaintiffs,

v.

BANK OF NEW YORK MELLON,
*et al.*,

    Defendants.

Case No.: GJH-15-00934

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Gregory Walsh and Christina Walsh (collectively, "Plaintiffs") bring this action against Bank of New York Mellon, N.A. ("BNY Mellon"), Select Portfolio Servicing, Inc. ("SPS"), MERSCORP, Inc. ("MERSCORP"), and JP Morgan Chase Bank, N.A. ("Chase") (collectively, "Defendants") alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and various state common law claims. In the Court's previous Memorandum Opinion dated March 25, 2016, the Court granted Defendants' Motions to Dismiss, ECF Nos. 5, 6, and 16, but allowed Mr. Walsh to amend his Complaint. ECF No. 27. Mr. Walsh added his wife Christina Walsh as a plaintiff, and Plaintiffs filed an Amended Complaint on April 8, 2016. Now pending before the Court is Defendant Chase's Motion to Dismiss, ECF No. 30, Defendant MERSCORP Holdings, Inc.'s[1] Motion to Dismiss, ECF No. 35, and Defendants BNY Mellon and SPS's Motion to Dismiss, ECF No. 36. No hearing is necessary. *See* Loc. R. 105.6 (D. Md.). For the following reasons, Defendants' Motions to Dismiss are granted.

---

[1] In Defendant MERSCORP Holdings, Inc.'s Motion to Dismiss, MERSCORP Holdings, Inc. notes that the entity formally known as "Merscorp, Inc." is now known as "MERSCORP Holdings, Inc." ECF No. 35.

I. **BACKGROUND**

The facts of this case were set forth in the Court's earlier Memorandum Opinion. ECF No. 27 at 1–2.[2] On November 12, 2004, Gregory and Christina Walsh purchased the property located at 8913 56th Avenue, College Park, Maryland 20740 (the "Property") for $340,000. *See* ECF No. 1 ¶ 13; ECF No. 5-7 at 1.[3] Plaintiffs obtained two mortgage loans for the Property from Greenpoint Mortgage Funding Corp. ("Greenpoint" or the "Lender"), an entity that is now defunct. ECF No. 1 ¶¶ 15–18. The mortgages were secured by a Deed of Trust (the "Deed of Trust") naming Mortgage Electronic Registration Systems, Inc. ("MERS")[4] as the beneficiary of the Deed and the nominee "for Lender and Lender's successors and assigns." ECF No. 5-8 at 2. Plaintiffs conveyed the Property "in fee simple absolute" to the 56th Avenue Family Holding and Improvement Trust on May 27, 2005. ECF No. 5-2 at 1. According to Prince George's County land records dated May 26, 2015, the 56th Avenue Family Holding and Improvement Trust is the current owner of the Property. ECF No. 5-3 at 1.

On June 8, 2012, MERS, as "Nominee for Greenpoint Mortgage Funding, Inc., its Successors and Assigns," signed an Assignment of Deed of Trust (the "Assignment") conveying the Deed of Trust to the "Bank of New York, as Successor-in-Interest to JP Morgan Chase Bank." ECF No. 35-3 at 1.[5] This Assignment was signed by two individuals, Iquisha Criff and Ashley Clegg, purportedly as "Vice Presidents" of MERS. *Id.* Much of this dispute has centered

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[3] In addressing a Motion to Dismiss, the Court may "properly taken judicial notice of matters of public record," such as land records, and may consider documents attached to the Motion(s) to Dismiss, "so long as they are integral to the complaint and authentic." *Philips v. Pitt. Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).
[4] Pursuant to Fed. R. Civ. P. 7.1 and Local Rule 103.3, Defendant MERSCORP Holdings, Inc. submitted a Disclosure of Corporate Affiliates, ECF No. 9, and an Amended Disclosure of Corporate Affiliates, ECF No. 41, stating that "Mortgage Electronic Registration Systems, Inc. ("MERS") is a wholly owned subsidiary of MERSCORP Holdings." ECF No. 9 at 1; ECF No. 41 at 1. The disclosure further states that "[t]his defendant believes that Plaintiff intended to name MERS as defendant and thus it would have a financial interest in the proceedings." *Id.*
[5] The Assignment of Deed of Trust was recorded on July 24, 2012. ECF No. 35-3 at 12.

on the authenticity of these signatures and the validity of the Assignment, and therefore the authority of various Defendants to enforce the Deed of Trust.

In construing Plaintiff's first Complaint, ECF No. 1, the Court analyzed the claims as ones of fraud and quiet title. ECF No. 27 at 2. The Court held in its earlier Memorandum Opinion that Plaintiff did not plead his claims of fraud with particularity, because Plaintiff failed to specify which Defendants allegedly forged the signatures on the Assignment and failed to provide sufficient factual allegations as to the circumstances of the fraud. *Id.* at 6. Plaintiff further failed to show how he relied on such fraudulent signatures, as he was not an actual party to the Assignment. *Id.* The Court also held that Plaintiff did not have standing to challenge the Assignment, because he was neither the record owner of the Property, nor a party or beneficiary to the Assignment. *Id.* at 7. Finally, the Court held that the Plaintiff failed to plead his injury with specific facts and did not provide proper notice to Defendants as to which claims were asserted against them. *Id.* The Court thus dismissed Plaintiff's claims, but allowed him time to submit an amended complaint. ECF No. 27 at 8.

Plaintiffs submitted their Amended Complaint on April 8, 2016, and now assert claims under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (Count I), breach of fiduciary duty (Count II), common law fraud and intentional infliction of emotional distress (Count III), and cancellation of instruments under the Uniform Commercial Code § 3-501 (Count IV). ECF No. 29. Plaintiffs also request "declaratory and injunctive relief in the nature of an order of cease and desist ordering the Defendants to stop foreclosure proceedings and eviction," *id.* at 1, and that they bring this suit as a "class action," *id.* at 28. The majority of Plaintiffs' Amended Complaint discusses MERS's authority or lack thereof to effectuate the Assignment of Deed of Trust. Plaintiffs contend that "the signer of the Assignment appears to be an employee of JP Morgan

Chase Bank, NA and not a MERS executive, as alleged." ECF No. 29 at 19. Plaintiffs allege that "in court proceedings MERS has publicly disavowed any ownership interest in mortgage notes" and "there is no power of attorneys from the lenders giving MERS authority to assign the mortgages or deeds of trust." *Id.* at 8–9. Plaintiffs further claim that "MERS does not have a sufficient agency relationship with the lender [Greenpoint]" and "there is no agreement in writing, as required by the Maryland Statute of Frauds, between MERS and Greenpoint." *Id.* at 10. Plaintiffs argue that "MERS never owned the note and had no right to payments made on the note." *Id.* at 11. Plaintiffs also make allegations relating to their obligations to pay on the mortgage loans. Specifically, they argue that because BNY Mellon and Chase do not have the original note in their possession, but rather a scanned copy, there is no chain of title from the Lender to Defendants, and BNY Mellon and Chase cannot enforce the note. *Id.* at 20.

Defendant Chase submitted a Motion to Dismiss on April 26, 2016. ECF No. 30. Defendant MERSCORP filed a Motion to Dismiss on May 11, 2016. ECF No. 35. Defendants BNY Mellon and SPS also submitted their Motion to Dismiss on May 11, 2016. ECF No. 36. The Court sent letters describing Plaintiffs' rights under Fed. R. Civ. P. 12 and 56 to Plaintiffs on April 27, 2016 and May 12, 2016. As of January 9, 2017, Plaintiffs have not filed a Response to any of Defendants' Motions to Dismiss. Upon review of the relevant pleadings, the Court will now dismiss Plaintiffs' Amended Complaint with prejudice.

## II.    STANDARD OF REVIEW

"A defendant may test the adequacy of a complaint by way of a motion to dismiss under Rule 12(b)(6)." *Maheu v. Bank of Am., N.A.*, No. 12-CV-508, 2012 WL 1744536, at *4 (D. Md. May 14, 2012) (citing *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008)). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of the Plaintiffs' claims, the Court accepts factual allegations in the Complaint as true and construes the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). Complaints filed by *pro se* plaintiffs, as here, are "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the Complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Further, in claims "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires "that a plaintiff alleging fraud must make particular allegations of the time, place, speaker, and contents of the allegedly false acts or statements." *Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 249–50 (D. Md. 2000); *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (describing the "who, what, when, where, and how of the fraud claim"). "Even where a plaintiff is proceeding pro se, the particularity requirements of Rule 9(b) apply." *Coulibay v. J.P. Morgan Chase Bank, N.A.*, No. DKC 10-3517, 2011 WL 3476994, at *19 n.23 (D.Md. Aug. 8, 2011).

### III. ANALYSIS

#### A. Violations of Truth in Lending Act ("TILA")

Plaintiffs first assert violations of TILA against Defendants SPS and BNY Mellon, and allege that they "can make a claim in recoupment pursuant to 15 U.S.C. §§ 1641(a) and 1641(d) and 1635(i)," the provisions of which govern the liability of mortgage assignees. ECF No. 29 at 31. Plaintiffs also claim that "the 56th Avenue loan failed the TILA finance charge test" and "failed the Good Faith Estimate Disclosure date test." *Id.* at 32–33.

Defendant SPS, as a loan "servicer," is not subject to assignee liability under TILA. "TILA expressly provides that a 'servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee . . . unless the servicer is or was the owner of the obligation.'" *Ward v. Branch Banking & Trust Co.*, No. CIV.A. ELH-13-01968, 2014 WL 2707768, at *10 (D. Md. June 13, 2014) (citing 15 U.S.C. § 1641(f)(1)); *see also Sall v. Wells Fargo Bank, N.A.*, 2012 WL 5463027, at *4 (D. Md. Nov. 7, 2012) ("Generally, a servicer of a mortgage loan that is not an assignee or owner of the loan has no liability for alleged violations of TILA."). "[O]nly creditors and their assignees—and not mere servicers lacking ownership interest in the loan—may be held liable under the TILA." *Ward*, 2014 WL 2707768, at *10. Because Plaintiffs allege no facts indicating that SPS was the owner of the loan, Count I is dismissed as to Defendant SPS. Hence, only Plaintiffs' claims against Defendant BNY Mellon must be addressed.

Regarding Plaintiff's claims against Defendant BNY Mellon, to the extent Plaintiff makes claims regarding the original transaction or origination of the loan in 2005, such claims are clearly time-barred by the applicable statute of limitations. 15 U.S.C. § 1640 provides that "any action under this section may be brought in any United States district court, or in any other

court of competent jurisdiction, within one year from the date of the occurrence of the violation." § 1640(e). As Plaintiffs brought these claims in 2015 at the earliest, see ECF No. 1, they are time-barred.

With respect to the Assignment of Deed of Trust in June of 2012, Plaintiffs fail to state a legally cognizable claim for multiple reasons. Notwithstanding the fact that this claim is also barred by the one-year statute of limitations, as the Court previously held, "the land records indicate that Plaintiff is no longer the owner of the property." ECF No. 27 at 6 (citing ECF No. 5-2; ECF No. 5-3). Even if Plaintiffs were the owner of the Property, they would not have standing to challenge the validity of the Assignment, as they were not parties to the contract. *See Watson v. Bank of America, N.A.*, No. PJM 14-1335, 2015 WL 1517405 (D. Md. March 30, 2015) ("Generally speaking, an obligor under a contract, including a mortgagor contract, lacks standing to challenge the assignment of the underlying obligations by the oblige to a third-party."); *see also Javaheri v. JPMorgan Chase Bank, N.A.*, No. 2:10-CV-08185-ODW, 2012 WL 3426278, at *6 (C.D. Cal. Aug. 13, 2012), *aff'd*, 561 F. App'x 611 (9th Cir. 2014) (finding the Plaintiff lacked standing to challenge a Substitution of Trustee assignment that was allegedly "robo-signed."). Plaintiffs' claims in Count I are therefore dismissed.

### B. Breach of Fiduciary Duty

Plaintiffs next allege "breach of fiduciary duty." ECF No. 29 at 36. Although Plaintiffs bring these claims "against all Defendants," all of their factual allegations describe actions taken by the original lender, Greenpoint Mortgage Funding, Inc. *Id.* at 36–37. For example, Plaintiffs state that "Greenpoint Mortgage Funding violated its fiduciary duties by . . . failing to disclose alternative, less costly options, as well as the risks inherent in increasing the secured interest in Greg Walsh and his wife Christina's residence." *Id.* at 37. Plaintiffs argue that Greenpoint had a

7

duty to ensure that they understood the [loan] documents and breached this duty by failing to reasonably explain the documents. *Id.*

The Amended Complaint fails to correct the flaws noted by the Court in its original Opinion. Specifically, Plaintiffs have failed to "provide notice to Defendants regarding what claims are individually alleged against them," or as relevant here, how the alleged actions by Greenpoint are attributable to Defendants BNY Mellon, Chase, SPS, and MERSCORP Holdings. *See Bagwell v. Dimon*, No. 1:14-cv-495, 2015 WL 2374614, at * 7 (M.D.N.C. May 18, 2015) (noting that "[u]nder Rule 8(a), grouping multiple defendants together in a broad allegation is insufficient to provide the defendants with fair notice of the claims against them and the grounds for relief.") (quoting *Melegrito v. CitiMortgage Inc.*, No. C 11-01765 LB, 2011 WL 2197534, at *6 (N.D. Cal. June 6, 2011)). As evident from the face of Amended Complaint, all the allegations relating to breach of fiduciary duty relate to Greenpoint Mortgage Funding. And even if the actions by Greenpoint could be attributed to the other Defendants, such claims are time-barred — as they concern the origination of the loan, which as discussed, took place in 2004. Plaintiffs have not provided any reason, as they have not responded to Defendants' Motions to Dismiss, why such claims are not barred by the applicable statute of limitations.

Moreover, as the Fourth Circuit has noted, "banks typically do not have a fiduciary duty to their customers." *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 778–79 (4th Cir. 2013). "It is well established that 'the relationship of a bank to its customer in a loan transaction is ordinarily a contractual relationship between debtor and creditor and is not fiduciary in nature." *Id.* (quoting *Kuechler v. Peoples Bank*, 602 F. Supp. 2d 625, 633 (D. Md. 2009)). "Courts have been exceedingly reluctant to find special circumstances sufficient to transform an ordinary contractual relationship between a bank and its customer into a fiduciary relationship or to

impose any duties on the bank not found in the loan agreement." *Id.* (citing *Parker v. Columbia Bank*, 91 Md. App. 346, 604 (1992)). The Maryland Court of Special Appeals has described only four special circumstances where a lender may become a fiduciary for the borrower. *Polek v. J.P. Morgan Chase Bank, N.A.*, 424 Md. 333, 366 (Md. 2012) (citing *Parker v. Columbia Bank*, 91 Md. App. 346 (Md. Ct. Spec. App. 1992)). These special circumstances exist where the lender: "(1) took on any extra services on behalf of [the borrowers] other than furnishing . . . money . . . ; (2) received a greater economic benefit from the transaction other than the normal mortgage; (3) exercised extensive control . . . ; or (4) was asked by [the borrowers] if there were any lien actions pending." *Id.* Plaintiffs have pleaded no facts to this effect, and therefore have failed to state a claim that any of the Defendants breached a fiduciary duty owed to them. Count II is dismissed.

### C. Common Law Fraud and Intentional Infliction of Emotional Distress

Plaintiffs next bring claims of common law fraud and intentional infliction of emotional distress "against all Defendants." ECF No. 29 at 38. Plaintiffs' deficiencies here are similar to the deficiencies in the original Complaint. Plaintiffs allege that the entities "Greenpoint Mortgage Funding, Inc." and "Total Mortgage Services" acted in "bad faith" and "intended to deceive Gregory and Christina Walsh" by making "false and misleading representations and omissions of material facts." ECF No. 29 at 38. Plaintiffs further state that "Select Portfolio Servicers, Inc. failed and refused to identify the actual lender and assignee of the loan," and Plaintiffs "relied upon [the identity of the assignee] as accurate," thus suffering economic and emotional damages. *Id.* at 39. Considering Plaintiffs' Amended Complaint as a whole, Plaintiffs also seem to allege that the other Defendants are liable for fraud for the purportedly forged signatures on the Assignment of the Deed of Trust. *See, e.g.* ECF No. 29 at 12–13, 19.

To state a claim for fraud, a plaintiff must show: "(1) a false representation, (2) of material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Wolf v. Fed. Nat. Mortg. Ass'n*, 512 F. App'x 336, 343 (4th Cir. 2013). As with any other claim, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265 (1986). Here, while Plaintiffs make conclusory statements of reliance and injury, they have not shown how they relied on documents, such as the Assignment of Deed of Trust, nor shown how such documents caused them harm. *See Willis v. Bank of Am. Corp.*, No. CIV.A. ELH-13-02615, 2014 WL 3829520, at *20 (D. Md. Aug. 1, 2014) (dismissing fraud claim where "plaintiff does not allege any facts to show that he justifiably relied on the alleged robo-signing of foreclosure documents" and did not allege "facts to show he suffered a compensable injury proximately caused by defendants' use of documents."). Even assuming that the signatures on the Assignment were forged or otherwise invalid, Plaintiffs have not disputed "the accuracy of any of the salient facts, such as the amount owed or the amount in default." *Id.* at *21.

To succeed on a claim of intentional infliction of emotional distress, plaintiffs must demonstrate (1) intentional or reckless conduct that is (2) outrageous and extreme and (3) causally connected to (4) extreme emotional distress. *See Caldor, Inc. v. Bowden*, 330 Md. 632, 641–42 (1993). Just as in *Stewart v. Bierman*, 859 F. Supp. 2d 754, 767 n.7 (D. Md. 2012), Plaintiffs' "Amended Complaint contains only conclusory statements that the foreclosure process has caused mental anguish." While the Court is sympathetic that "the loss of a person[']s residence is a traumatic event," ECF No. 29 at 7, Plaintiffs' Amended Complaint fails to state a legally cognizable claim for intentional infliction of emotional distress. Therefore, Plaintiffs' claims under Count III are dismissed.

### D. Cancellation of Instruments Under U.C.C. § 3-501

Finally, Plaintiff asks the Court to "cancel" the June 8, 2012 Assignment of Mortgage "because the original lender was not in business at the time that this assignment was signed and recorded." ECF No. 29 at 40. Plaintiffs argue that because of this circumstance, "Defendants, especially the Bank of New York Mellon, NA do not have an enforceable interest in the notes and deeds of trust for the subject property." *Id.*

"Because the U.C.C. is a model code, it has no legal effect in and of itself. However, it has been codified in Maryland as the Commercial Law." *Quattlebaum v. Bank of Am., N.A.*, No. CIV.A. TDC-14-2688, 2015 WL 1085707, at *7 (D. Md. Mar. 10, 2015). Therefore the Court will construe Plaintiffs' claim under the U.C.C. "as a state law claim made pursuant to Commercial Law § 3-501, which is identical to the U.C.C. provision in all respects." *Id.* Md. Code., Com. Law § 3-501 provides in relevant part:

> Upon demand of the person to whom presentment is made, the person making presentment must (i) exhibit the instrument, (ii) give reasonable identification and, if presentment is made on behalf of another person, reasonable evidence of authority to do so, and (iii) sign a receipt on the instrument for any payment made or surrender the instrument if full payment is made.

Md. Code, Com. Law § 3-501(b)(2). Plaintiffs thus appear to claim that because Bank of America cannot produce the "original note," ECF No. 29 at 16, it lacks the authority to enforce the note. However, courts in this jurisdiction "have . . . repeatedly rejected this 'show me the note' argument." *Quattlebaum*, 2015 WL 1085707, at *5; *see also Jones v. Bank of N.Y. Mellon*, No. DKC-13-3005, 2014 WL 3778685, at *4 (D. Md. July 29, 2014); *Harris v. Household Finance Corp.*, RWT-14-606, 2014 WL 3571981, at *2 (D. Md. July 18, 2014) (finding that "there is no recognizable claim" that a mortgagor must produce "wet ink" signature documents in order for a mortgage to be valid).

Additionally, under Maryland law, "the right to enforce the deed of trust automatically follows the note, making the two inseparable." *Quattlebaum*, 2015 WL 1085707, at *5. Thus, the title to any promissory or mortgage note, "conclusively is presumed to be vested in the person holding the record title to the mortgage." *Id.* Accordingly, when BNY Mellon's assignment to the Deed of Trust was recorded on July 24, 2012, BNY Mellon was presumed to have the right to enforce the note attached to that Deed of Trust. *See id.*[6]

As a final basis for dismissal of this claim, when a note is transferred it "carries with it the security provided by the [corresponding] deed of trust." *Mabry v. MERS*, No. CIV.A. WMN-13-1700, 2013 WL 5487858, at *3 (D. Md. Oct. 1, 2013) (citing *Deutsche Bank Nat'l Trust Co. v. Brock*, 430 Md. 714 (Md.2013)). Even if the Court assumed "that the assignment of the Deed of Trust was somehow invalid, it does not impact the security provided by that instrument." *Id.* Once again, Plaintiffs have not contested the validity or accuracy of the underlying security interest, and nothing in the Maryland Commercial Code warrants cancellation of the instrument in question. Plaintiffs' claims under Count IV are thus dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss, ECF Nos. 30, 35, and 36, are granted. A separate Order shall issue.

Date: January 19, 2017

George J. Hazel
United States District Judge

---

[6] As additional grounds for dismissal, the Court already found that as non-parties to the Assignment of Deed of Trust, Plaintiffs had no standing to challenge it. ECF No. 27 at 6–7.