IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

GREGORY J. WALSH, *et al.*,

    Plaintiffs,

v.

BANK OF NEW YORK MELLON, *et al.*,

    Defendants.

Case No.: GJH-15-934

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Plaintiffs Gregory Walsh and Christina Walsh (collectively, "Plaintiffs") brought an action against Bank of New York Mellon, Select Portfolio Servicing, Inc. ("SPS"), MERSCORP, Inc. ("MESCORP"), and JP Morgan Chase Bank, N.A. ("Chase") (collectively, "Defendants") alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* and various state common law claims related to a transaction for residential property now in foreclosure. On January 19, 2017, the Court, having previously provided Plaintiffs with an opportunity to amend their initial complaint, dismissed Plaintiffs' claims with prejudice. ECF No. 43. Now pending before the Court is Plaintiffs' Motion for Reconsideration of that Order as to claims against defendants Bank of New York Mellon and SPS. ECF No. 44. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiffs' Motion for Reconsideration is denied.

### I.    BACKGROUND

A detailed factual and procedural background of this litigation is provided in the Court's January 19, 2017 Memorandum Opinion, ECF No. 42, and only facts relevant to Plaintiffs'

1

Motion for Reconsideration are discussed herein. Plaintiffs purchased the subject property on November 12, 2004 and shortly thereafter conveyed the property in "fee simply absolute" to a family-owned trust. Plaintiffs brought suit on April 1, 2015, ECF No. 1, contesting, among other things, the validity of an Assignment of Deed of Trust, which had been transferred through a series of transactions from the original lender to Bank of New York Mellon. Plaintiffs raised allegations of fraud, disputing the authenticity of the signatures on the Assignment, and argued that Bank of New York Mellon, as the holder of the Deed of Trust and underlying security interest, and SPS, as the loan servicer, failed to make certain disclosures to Plaintiffs. *See generally*, ECF No. 42 at 2–4.[1]

In dismissing Plaintiffs' claims, the Court found that Plaintiffs' TILA claims were time barred and SPS was not subject to assignee liability under the TILA. In addition, the Court found that Plaintiffs were not the owners of the property in question and therefore did not have standing to challenge the Assignment. ECF No. 42 at 6–7. The Court also dismissed Plaintiffs' breach of fiduciary duty claims related to the origination of the loans as time barred and held that Plaintiffs' claims under the Uniform Commercial Code lacked merit because Plaintiffs had not contested the validity or accuracy of the underlying security interest. *Id.* at 7–9, 12. Finally, the Court found that Plaintiffs' fraud and intentional infliction of emotional distress claims failed because Plaintiffs failed to allege any facts as to how they relied upon any purported misrepresentations by Defendants or were damaged as a result. *Id.* at 9–10.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for "any other reason that justifies relief." Fed. R.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2

Civ. P. 60(b)(1)–(6).[2] Before a court considers these reasons, however, a party seeking relief must first demonstrate that: 1) the motion is timely; 2) there is a meritorious defense to the action; and 3) the opposing party would not suffer unfair prejudice by having the judgment set aside. *See National Credit Union Admin. Bd. v. Gray,* 1 F.3d 262, 264 (4th Cir. 1993) (citing *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987)). Because Plaintiffs cannot satisfy this threshold test, their Motion will be denied.

## III. DISCUSSION

Plaintiffs do not have a meritorious defense to the Court's Order. In attempting to re-litigate the merits of the case, Plaintiffs fail to address the underlying faults within their amended complaint. Plaintiffs only contest the Court's finding that they did not have standing to challenge the Assignment. ECF No. 44 ¶¶ 12, 19, 20 (arguing that Plaintiffs had standing because Plaintiffs remained liable for the mortgage debt associated with the lenders' security interest even though Plaintiffs had conveyed the property to the family trust). Even if Plaintiffs are correct and have standing to challenge the Assignment, the Court's Order raised a number of other reasons, irrespective of standing, as to why Plaintiffs' claims fail. Plaintiffs' motion simply ignores them.

Additionally, granting Plaintiffs' motion would unfairly prejudice Defendants. Plaintiffs did not respond to Defendants' Motions to Dismiss, ECF Nos. 35, 36.[3] Doing so would have afforded Defendants an opportunity to reply to the arguments now set forth in Plaintiffs' Motion for Reconsideration. Also, Plaintiffs did not appeal the Court's ruling, despite the fact that the

---

[2] Plaintiffs identify the following four reasons as justifying their motion: fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; the judgment is void; the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; and any other reason that justifies relief. Fed. R. Civ. P. 60(b)(3)–(6).
[3] Plaintiffs allege that they "were not aware of the Motions to Dismiss until the Court rendered its decision due to each believing that the other was checking the mail." ECF No. 44 ¶ 28.b. The Court will not excuse Plaintiffs' failure to monitor the docket for a suit they themselves initiated, let alone allow Plaintiffs to wait eleven months to respond to Defendants' motions. See Loc. R. 101(1)(a) (D. Md. 2016) (*pro se* litigants are responsible for performing all duties imposed upon counsel).

3

time to do so has passed. Thus, Defendants are entitled to the finality that comes with the end of a legal proceeding.

Finally, Rule 60(b) motions are only granted "where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir*, 984 F.2d 1047, 1049 (9th Cir. 1992); *see also Wadley v. Equifax Info Servs., LLC*, 296 Fed. Appx. 366, 369 (4th Cir. 2008). Plaintiffs do not present any extraordinary circumstances justifying relief under Rule 60(b). And even if the Court were to conclude that Plaintiffs have passed the threshold test warranting consideration of the Rule 60(b) bases for relief, no such relief is warranted. For example, Plaintiffs argue that the Court's Order should be set aside because the mortgage underlying Defendants' security interest has been paid in full and discharged. ECF No. 44 ¶ 31 (citing Fed. R. Civ. P. 60(b)(5)). As proof, Plaintiffs attach a document entitled 'Notice of Default in Dishonor Consent to Judgment,' which appears to be a self-serving documented drafted by Plaintiffs attempting to assert that Defendants, having not responded to the document, stipulate to Plaintiffs' assertion that "since 1933, when Franklin D. Roosevelt took all of the gold and silver out of circulation, [] we have no currency of value or substance with which to pay a debt . . . and [] the Bank loaned me nothing in this transaction." ECF No. 44-1. The frivolousness of this argument captures the overall merits of Plaintiffs' motion, and the Court will not grant relief from its prior Order.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration, ECF No. 44, shall be denied. A separate Order follows.

Dated: December 7, 2017

GEORGE J. HAZEL
United States District Judge

4